JUAN DÍAZ RIVERA, demandante y recurrente, *v.* MUNICIPIO DE CAYEY, ET AL., demandados y recurridos.

*Número:* R-69-159      *Resuelto:* 22 de junio de 1970

*Freddy Vega Torres, José B. Díaz Asencio* y *José Hamid Rivera,* abogados del recurrente.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El recurrente incoó demanda contra el Municipio de Cayey reclamándole el pago de una justa compensación, incluyendo los daños y perjuicios sufridos, por haberle privado de su propiedad para un uso público, sin seguir el procedimiento de ley. Se alega en la demanda que en el año 1961 el Municipio trazó y construyó una carretera por una finca de su propiedad sin que hasta la fecha se le haya compensado por el terreno expropiado; que con motivo del trazado de dicha carretera, la finca quedó dividida sin accesos adecuados, y, que se le destruyó la siembra de café y otros frutos menores que tenía en los terrenos ocupados.

El tribunal de instancia, a solicitud del Municipio, desestimó la demanda por el fundamento de que no se había notificado al Municipio dentro del término de 90 días sobre la naturaleza de los daños sufridos y otros requisitos de ley, a tenor con el Art. 96 de la Ley Municipal, 21 L.P.R.A. sec. 1603. Al así actuar incidió.

El citado Art. 96 de la Ley Municipal provee que toda persona que tenga reclamaciones de cualquier clase contra un municipio, por *daños personales* o a la *propiedad*, causados por *culpa* o *negligencia* de un municipio debe notificar al alcalde la fecha, sitio, causa y naturaleza del daño sufrido, así como la cuantía de la compensación o el tipo de remedio adecuado, los nombres y direcciones de sus testigos y la dirección del reclamante y del sitio donde recibió tratamiento médico. Los propósitos evidentes de esta notificación, según los señalamos en *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491, 494 (1963), consisten en: 1) proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2) desalentar las reclamaciones infundadas; 3) propiciar un pronto arreglo de las mismas; 4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5) descubrir el

nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6) advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y 7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado.

■ Propiamente, dichos propósitos pueden condensarse en dos: a) evitar las reclamaciones fraudulentas y excesivas, y, b) ofrecer al municipio la oportunidad de aminorar los daños. *Insurance Co. of P.R.* v. *Ruiz*, 96 D.P.R. 175 (1968).

■ A la luz del historial legislativo y de los propios términos del estatuto, hemos limitado el requisito de notificación del citado Art. 96 a aquellas reclamaciones de daños y perjuicios *ex-delictu* que nacen en los Arts. 1802 y 1803 del Código Civil, 31 L.P.R.A. secs. 5141, 5142. *Rosario Quiñones* v. *Municipio de Ponce*, 92 D.P.R. 586 (1965). El caso de autos no envuelve una reclamación de daños y perjuicios bajo los Arts. 1802 ó 1803 del Código Civil. Trata de una reclamación de justa compensación por el uso de propiedad privada sin el debido proceso de ley, reclamación que surge al amparo de la Sec. 9 del Art. II de la Constitución del Estado Libre Asociado:

"No se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación, y de acuerdo con la forma provista por la ley."

■ Dicha reclamación no presenta al Municipio de Cayey ninguno de los riesgos que tuvo en mente evitar el legislador al aprobar el citado Art. 96 y que hemos mencionado antes. La naturaleza de la causa de acción ejercitada presupone el conocimiento por las autoridades municipales concernidas de la actuación oficial que dio base a la reclamación del recu-

rrente. Es inconcebible que la construcción de un camino público que requiere la asignación de fondos municipales, la preparación de planos, el empleo de equipo y personal, la aprobación de nóminas y el correspondiente desembolso de fondos, puedan, todo ello, ocurrir sin conocimiento del Municipio. Resulta, por demás, fácil para las autoridades municipales verificar en los documentos oficiales todos estos extremos y prepararse adecuadamente para impugnar la veracidad de las alegaciones del recurrente, quien, por otro lado, no queda relevado del peso de probar su título dominical sobre los terrenos ocupados, así como el valor de los mismos. Tampoco la falta de notificación ocasiona perjuicio alguno al Municipio por no haberle dado la oportunidad de mitigar los alegados daños. *Cf. Insurance Co. of P.R.* v. *Ruiz,* supra. Éstos consisten generalmente en el valor de los terrenos ocupados, de las siembras destruidas y de los daños por desmembramiento, todo lo cual está sujeto a prueba pericial. La notificación en estas circunstancias no cumple ningún fin útil. Sin embargo, impone al recurrente una onerosa limitación en el ejercicio de su derecho a reclamar.

No está demás recordar lo que expresamos en *Insurance Co. of P.R.* v. *Ruiz,* supra, al efecto de que nuestra inclinación ha sido a no extender sin sentido crítico el requisito de notificación. Tal inclinación cobra mayor fuerza cuando se trata, como en este caso, de una reclamación de puro linaje constitucional.

*Se revocará la sentencia dictada por el tribunal de instancia en este caso y se devolverá el mismo para ulteriores procedimientos consistentes con lo aquí expuesto.*

El Juez Presidente Señor Negrón Fernández no intervino.