Rodríguez García, Juez Ponente
*1043 TEXTO COMPLETO DE LA RESOLUCION
El peticionario en el presente caso lo es el Municipio Autónomo de Carolina (en adelante, "El Municipio") el cual solicita que revisemos una Resolución emitida el día 22 de octubre de 1998, por el Tribunal de Primera Instancia, Sala Superior de Carolina, declarando un NO HA LUGAR a una "Moción de Desestimación por Falta de Jurisdicción" presentada por dicho Municipio. Se funda el reclamo de falta de jurisdicción en la omisión de notificar la intención de demandar dentro del término de noventa (90) días de tener conocimiento del daño sufrido. Ley de Municipios Autónomos, Artículo 15.003, 21 L.P.R.A. see. 4703. Inconforme con dicho dictamen, en 20 de noviembre de 1998, el Municipio de Carolina interpuso, ante nos, el presente recurso de certiorari.
Luego de examinar el recurso y los documentos anejados al mismo, resolvemos, a la luz del derecho aplicable, denegar la expedición del auto de certiorari solicitado.
I
El Sr. Juan M. Concepción Corchado, quien es miembro de la Policía Estatal (en adelante "Juan"), la Sra. Virginia Rivera Quiara, en adelante "Virginia", y la Sociedad Legal de Gananciales compuesta por ambos demandaron al Municipio de Carolina, entre otros, por alegada violación a sus derechos civiles, arresto ilegal, daños y perjuicios e interdicto permanente. Los alegados hechos ocurrieron el día 22 de mayo de 1996, entre las 10:00 y 11:00 de la noche, cuando Juan caminaba de regreso a su casa, luego de comprar cigarrillos en una tienda cercana a su hogar. Según los hechos narrados en la demanda, una grupo de personas, algunos miembros de la Guardia Municipal de Carolina intervinieron con Juan, sin motivo alguno, y hasta le dispararon unos tiros. Además, aquellos Guardias Municipales empleados del Municipio de Carolina, y varios Policías Estatales, golpearon a Juan y a Virginia sin razón aparente.
Luego de las agresiones y lesiones contra Juan, le arrestaron y le sometieron a la prueba del aliento. Posteriormente, le radicaron a Juan varias denuncias por daños a la propiedad pública y alteración de la paz. Celebrada la vista preliminar en contra de Juan, el Tribunal no encontró causa probable para acusarle criminalmente y se procedió a archivar el caso administrativo iniciado contra él para suspenderlo de empleo como Policía Estatal.
En 14 de octubre de 1996, la Leda. Frances Caraballo Pietri, en representación de Juan, envió una carta al Sr. José Aponte, alcalde del Municipio de Carolina, relatando los hechos narrados anteriormente e informándole que Juan y Virginia se proponían instar una acción judicial por los daños sufridos. En 1 de mayo de 1997, Juan y Virginia radicaron una demanda en el Tribunal de Primera Instancia.
En 10 de octubre de 1997, el Municipio de Carolina presentó una "Moción de Desestimación por Falta de Jurisdicción" alegando que no "se podía iniciar una causa de acción contra el Municipio de Carolina porque no se cumplió con la Ley de Municipios Autónomos que ordena a todo reclamante notificar al alcalde la intención de reclamar contra el municipio dentro de los noventa (90) días siguientes a la fecha en que el reclamante tiene conocimiento de los daños. En 12 de octubre de 1998, Juan presentó Oposición a Moción de Desestimación por falta de Jurisdicción". En 22 de octubre de 1998 el Tribunal de Primera Instancia declaró NO HA LUGAR la Moción de Desestimación.
Inconforme con este dictamen, el Municipio de Carolina presentó un escrito de certiorari, ante nos, en 20 de noviembre de 1998, alegando la comisión del siguiente error:

"Erró el Tribunal de Instancia, Hon. María del Carmen Martínez Lugo, Juez, al no desestimar la causa de acción incoada contra el Municipio de Carolina al carecer dicho Tribunal de jurisdicción sobre el municipio peticionario."

II
La Ley de Municipios Autónomos, Ley Núm. 81 del 30 de agosto de 1991, 21 L.P.R.A. sec. 4703,. establece que:

"Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños 
*1044
personales o ala propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar al municipio una notificación escrita, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daños a la persona, el lugar donde recibió tratamiento médico en primera instancia.

(a)Forma de entrega y término para hacer la notificación.- Dicha notificación se entregará al Alcalde, remitiéndola por correo certificado o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.

La referida notificación por escrito deberá presentarse al Alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

(b) Requisito jurisdiccional.- No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél, a menos que se haga la notificación escrita, en la forma, manera y en los plazos dispuestos en este subtítulo.

(c) Salvedad.- Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, en el término prescrito fijado por la see. 5298 (2) del Título 31."

El Tribunal Supremo de Puerto Rico ha establecido claramente a través de su jurisprudencia los propósitos públicos que avalan el requisito de notificación a los municipios cuando éstos van a ser demandados. En el caso de Mangual v. Tribunal Superior, 88 D.P.R. 491 (1963), se enumeró los propósitos públicos de la notificación. Estos son los siguientes:
"i. Proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación;

2. desalentar las reclamaciones infundadas;

3. proporcionar un pronto arreglo de las mismas;

4. permitir la inspección'inmediata del lugar del accidente antes de que ocurran daños;

5. descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable;

6. advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual;

7. mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado."

En nuestro sistema de derecho el requisito de notificación a un municipio, antes de iniciar una acción judicial contra éste, era de cumplimiento estricto antes, pero con la redacción de la ley de Municipios Autónomos se convirtió en un requisito jurisdiccional. Sin embargo, la doctrina en nuestro sistema de derecho es permitir excepciones a esta regla. Passalacqua v. Mun. de San Juan, 116 D.P.R. 618, 628 (1985). A través de la jurisprudencia se han determinado varias circunstancias en que no es necesario cumplir con el requisito de notificación. Veamos por ejemplo las siguientes cinco situaciones:
"(1) en casos donde se demanda a la compañía aseguradora de un municipio, García v. Northern *1045 Assurance Co., 92 D.P.R. 255 (1965);

(2) en las acciones contra un municipio por incumplimiento de un contrato, Rosario v. Municipio, 92 D.P.R. 586 (1965);

(3) en reconvenciones en contra de un municipio demandante, Ins. Co. v. Ruiz, 96 D.P.R. 175 (1968);

(4) en acciones en contra del municipio reclamando justa compensación por el uso de la propiedad privada al amparo de la see. 9, Art. II de la Constitución, Díaz v. Municipio 99 D.P.R. 196 (1970)."
Posteriormente, en Passalacqua v. Municipio de San Juan, supra, el Tribunal resolvió que si el demandante demanda y emplaza al municipio dentro del término de los noventa (90) días desde que tuvo conocimiento del daño, éste cumple con el requisito de notificación.
En López v. Autoridad de Carreteras, _,D.P.R. _ (1993), 93 J.T.S. 64, a la pág. 10658, luego que el Tribunal Supremo hace un resumen del derecho aplicable, señaló las razones por las que en estos casos se le eximió al demandante el cumplir con el requisito de notificación. Nos dice el Tribunal que:
"... es menester entender clara y precisamente porque no aplicamos dicho requisito en esas cinco decisiones. No lo hicimos porque consideráramos que el mismo carecía de vigencia o porque creyésemos que tal requisito era irrazonable o tan restrictivo de los derechos de los reclamantes que debíamos dispensarlo del claro mandato legislativo. Lo hicimos porque en las circunstancias de cada uno de esos casos el esquema legislativo carecía de virtualidad; porque en ellos no se podían cumplir los propósitos y objetivos del requisito; porque jurídicamente no tenía razón de ser aplicar el requisito a tales circunstancias, ya que no fue para ellas que se estableció dicho requisito. La dirección de nuestra "trayectoria liberalizadora", no ha sido la de dejar sin efecto un requisito que el legislador puertorriqueño claramente ha insistido debe cumplirse, sino la de aplicarlo a los casos donde propiamente debe aplicarse, sin rigorismos desmedidos."
En el caso de autos existen circunstancias que justifican eximir la aplicación del requisito de notificación municipal previa sin violar los principios de política pública detrás de la see. 5298(2) del Título 31. Los hechos en el presente caso comenzaron la noche del 22 de mayo de 1996 y continuaron a lo largo de los siguientes meses. De las alegaciones de la demanda y la prueba documental presentada en el escrito de certiorari se desprende que luego de lo sucedido aquella noche comenzó en contra de Juan todo un procedimiento criminal que culminó en la desestimación de los cargos en contra de éste. En adición se le presentaron cargos en un procedimiento administrativo para destituirlo de su cargo como Policía Estatal, y se le suspendió temporalmente de su empleo de Policía.
En este caso el riesgo de que la prueba objetiva pudiese desaparecer es mínimo, porque toda la pmeba objetiva de lo sucedido esta en posesión del Municipio de Carolina. Existe constancia de los testigos que estaban, presentes la noche de los hechos, y de los pliegos acusatorios surge donde localizarlos puesto que son funcionarios públicos, unos del propio Municipio de Carolina, y otros del Gobierno Central. Aún más, en las denuncias presentadas en contra de Juan se identifica los testigos que tienen conocimiento de los hechos. Por ello, tanto el Municipio de Carolina como el Estado, pueden fácilmente investigar y corroborar los hechos alegados en la demanda. Meléndez Gutiérrez v. E.L.A., 113 D.P.R. 811, 815 (1983).
En otras palabras, en el presente caso es de estricta aplicación el criterio que aplicara el Tribunal Supremo de Puerto Rico, en el caso de Passalacqua v. Municipio de San Juan, supra.
"... es menester entender clara y precisamente porqué no aplicamos dicho requisito en esas cinco decisiones. No lo hicimos porque consideráramos que el mismo carecía de vigencia o porque creyésemos que tal requisito era irrazonable o tan restrictivo de los derechos de los reclamantes que debíamos dispensarlo del claro mandato legislativo. Lo hicimos porque en las circunstancias de cada uno de esos casos el esquema legislativo carecía de virtualidad; porque en ellos no se podían cumplir los propósitos y objetivos del requisito; porque jurídicamente no tenía razón de ser aplicar el *1046 requisito a tales circunstancias, ya que no fue para ellas que se estableció dicho requisito." (Itálicas nuestras).
Es esa la posición que entendemos correcta y aplicable a los hechos del presente caso.
Si el Municipio de Carolina tiene la responsabilidad vicaria por los alegados actos negligentes de sus empleados Guardias Municipales, agrediendo y persiguiendo a Juan y su esposa Virginia; si los empleados de dicho Municipio han sido los que alegadamente trataron de llevar el alegado abuso de poder hasta la última consecuencia de lograr que se condenase al agente de la Policía Juan, por la comisión de unos delitos, acusaciones que no se sostuvieron; si los empleados del Municipio fueron tan lejos como hasta tratar de lograr que Juan fuera expulsado de la Policía Estatal, definitivamente dicho Municipio tenía toda la información y los recursos necesarios para proteger adecuadamente sus intereses ante la reclamación instada por Juan y su esposa Virginia.
En adición a lo anterior, y según se relata en la demanda presentada, alegadamente los actos de persecución a Juan y su familia no habían cesado cuando la reclamación se presenta en el Tribunal, por lo que sería de aplicación lo resuelto por el Tribunal Supremo en el caso de Passalacqua v. Municipio de San Juan, supra. Los daños contra Juan y su familia, no habían concluido cuando se presenta la demanda, por lo que tratándose de daños sucesivos como secuela de la alegada paliza y brutalidad policíaca, la misma se presentó, dentro de los noventa (90) días, "del conocimiento del daño sufrido".
Por los fundamentos expuestos, se deniega la expedición del auto de certiorari solicitado por el Municipio de Carolina. Notifíquese por la vía ordinaria.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General