<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
</table>

| AURELIA LUZ RODRÍGUEZ MORALES T/C/C AURELIA LUZ CORTÉS RODRÍGUEZ, ELIEZER CORTÉS RODRÍGUEZ Y OTROS<br><br>Parte con interés<br><br>V.<br><br>PALMAS DEL MAR PROPERTIES INC. Y OTROS<br><br>Parte recurrida<br><br>V.<br><br>MUNICIPIO AUTÓNOMO DE HUMACAO Y OTROS<br><br>Parte peticionaria | TA2025CE00157 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV01489<br><br>Sobre: Daños y perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece el Municipio Autónomo de Humacao (Municipio o peticionario) y solicita que revisemos una *Resolución Interlocutoria* emitida el 24 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI).[1] En dicha determinación el TPI denegó la solicitud de desestimar la *Demanda contra Terceros* presentada en contra el Municipio por falta de notificación a tenor con el Artículo 1.051 del Código Municipal de Puerto Rico, 21 LPRA sec. 7082.

Por los fundamentos que discutiremos, se expide el auto de *certiorari* y revocamos el dictamen recurrido.

---

[1] Entrada Núm. 49 del caso HU2024CV01489 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 27 de mayo de 2025.

**I.**

Este caso se originó el 1 de octubre de 2024, cuando la señora Aurelia Luz Rodríguez Morales t/c/c Aurelia Luz Cortés Rodríguez, el señor Eliezer Cortés Rodríguez y la Sociedad Legal de Bienes Gananciales compuesta por ambos (matrimonio Cortés Rodríguez) presentaron una *Demanda* contra Palmas del Mar Properties Inc. (PMP o recurrido) y otros por daños y perjuicios.[2] En esta, arguyeron que el 10 de febrero de 2024, la señora Rodríguez Morales sufrió una caída en un área asfaltada con condiciones peligrosas debido a trabajos de construcción en el complejo Palmas del Mar. Como consecuencia, adujeron que sufrió varias lesiones y solicitaron una compensación de $75,000.00.

El 29 de noviembre de 2024, el matrimonio Cortés Rodríguez informó que PMP fue emplazado el 13 de noviembre de 2024.[3] Posteriormente, el 15 de enero de 2025, el recurrido presentó su *Contestación a la Demanda,* en la que negó responsabilidad por el área donde se alegó que ocurrió el accidente y vínculos de solidaridad con los terceros que pudieron ocasionar los daños.[4]

Tras varios trámites procesales, el 14 de febrero de 2025, PMP presentó una *Demanda contra Terceros* contra el Municipio, Palmas del Mar Homeowners Association y otros.[5] En lo pertinente, alegó que el Municipio era el dueño del *Nursery Drive*, la carretera del complejo Palmas del Mar donde ocurrieron los hechos alegados en la *Demanda* original. Sostuvo que la Legislatura Municipal de Humacao aprobó en mayo de 2014 la Resolución Núm. 52, en la que autorizó la segregación y cesión de calles del complejo al Municipio, formalizada el 14 de octubre de 2014 mediante la Escritura Núm. 8 otorgada ante el notario Paul René Cortés Rexach. Por ello, planteó que el

---

[2] Entrada Núm. 1 en SUMAC.
[3] Entrada Núm. 5 en SUMAC.
[4] Entrada Núm. 11 en SUMAC.
[5] Entrada Núm. 20 en SUMAC.

peticionario debía acumularse al pleito por ser parte indispensable, a tenor con la Regla 12.1 de Procedimiento Civil, 32 LPRA Ap. V, R.12.1.

Así las cosas, el 28 de abril de 2025, el Municipio solicitó la desestimación con perjuicio por incumplimiento con el requisito de notificación dispuesto en el Artículo 1.051 del Código Municipal, *supra*, sec. 7082.[6] Planteó que el matrimonio Cortés Rodríguez nunca reclamó en su contra ni lo incluyó en la *Demanda* original. Además, planteó que conforme a lo dispuesto en *Rodríguez Sosa v. Cervecería India*, 106 DPR 479 (1977), cuando el demandante original no formulaba una reclamación contra la entidad a notificar, correspondía al demandante contra tercero hacerlo dentro del término de noventa (90) días siguientes a su emplazamiento. Puntualizó que, al haber sido emplazado el 13 de noviembre de 2024, PMP tenía hasta el 11 de febrero de 2025 para notificar al Municipio o emplazarlo. Sin embargo, precisó que lo emplazó el 25 de febrero, fuera del término.

Tiempo después, el 23 de mayo de 2025, PMP presentó su *Oposición a Solicitud de Desestimación.*[7] En esta, argumentó que el requisito de notificación no aplicaba, en vista de que la reclamación contra el Municipio no era por daños personales o a su propiedad, sino para responder por los daños solicitados por el matrimonio Cortés Rodríguez. Alternativamente, adujo que al ser emplazado, no contaba con información precisa sobre el lugar del accidente hasta que el 3 de diciembre de 2024 recibió un informe del incidente. Por ello, planteó que presentó la *Demanda contra Terceros* y emplazó al Municipio dentro de los noventa (90) días desde que recibió dichos documentos. Asimismo, alegó que, de aplicar el Artículo 1.051 del Código Municipal, *supra*, sec. 7082, el término debía contarse desde la presentación de la *Demanda contra Terceros.*

---

[6] Entrada Núm. 36 en SUMAC.
[7] Entrada Núm. 48 en SUMAC.

El 24 de mayo de 2025, el TPI emitió una *Resolución Interlocutoria,* mediante la cual declaró No Ha Lugar la solicitud de desestimación del Municipio.[8]

Inconforme, el 11 de junio de 2025, el peticionario solicitó reconsideración y reiteró que la causa en su contra debía desestimarse, ya que el matrimonio Cortés Rodríguez ni PMP presentaron reclamación alguna en su contra.[9] No obstante, el 17 de junio de 2025, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró No Ha Lugar dicha petición de reconsideración.[10]

Aún insatisfecho, el 16 de julio de 2025, el Municipio presentó una *Petición de Certiorari* en la que señaló que el Foro *a quo* incurrió en el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" LA SOLICITUD DE DESESTIMACIÓN POR FALTA DE NOTIFICACIÓN AL MUNICIPIO, CUANDO NI LA PARTE DEMANDANTE, NI EL DEMANDANTE DE TERCERO, CUMPLIERON CON EL REQUISITO DE NOTIFICACIÓN A DICHA PARTE, SEGÚN ESTABLECIDO EN EL CÓDIGO MUNICIPAL, *SUPRA.*

En esencia, el peticionario sostuvo que el matrimonio Cortés Rodríguez nunca presentó una reclamación en su contra ni lo incluyó en la *Demanda* original, por lo que PMP debía cumplir con el requisito de notificación dentro de los noventa (90) días de su emplazamiento, lo que no ocurrió. Afirmó que el recurrido tenía hasta el 11 de febrero de 2025 para notificarlo, pero que lo realizó el 25 de febrero. Por ello, solicitó la desestimación de la *Demanda contra Terceros.*

Añadió que, al no ser notificado a tiempo ni existir justa causa para el incumplimiento, no se configuró causa de acción en su contra, la cual no podía revivirse indirectamente mediante una *Demanda contra Terceros,* dependiente y subsidiaria de la original. Al respecto, señaló que el propio recurrido reconoció que no tenía reclamación directa contra el Municipio. Además, argumentó que PMP pretendía

---

[8] Entrada Núm. 49 en SUMAC. Notificada el 27 de mayo de 2025.
[9] Entrada Núm. 50 en SUMAC.
[10] Entrada Núm. 51 en SUMAC. Notificada el 18 de junio de 2025.

soslayar un requisito legal y posibilitar que los demandantes reclamaran a un tercero no notificado conforme a derecho, lo cual constituiría una violación a su debido proceso de ley.

Por su parte, el 24 de julio de 2025, PMP se opuso a la expedición del auto de *certiorari*. Alegó que el Artículo 1.051 del Código Municipal, *supra*, sec. 7082, aplicaba únicamente a reclamaciones contra municipios por daños personales y a la propiedad ocasionados por su culpa o negligencia, lo cual no era el caso. Subrayó que estos hechos eran distintos porque el Municipio se acumuló solo para responder directamente por la reclamación del matrimonio Cortés Rodríguez al conocer que era el dueño del lugar donde ocurrió la caída de la señora Rodríguez Morales.

Además, PMP aseveró que el caso *Rodríguez Sosa v. Cervecería India, supra*, no era aplicable, puesto que se interpretó la *Ley de Reclamaciones y Demanda contra el Estado*, Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 LPRA sec. 3077. Indicó que, a diferencia del Código Municipal, *supra*, tal legislación era extensiva a las demandas contra terceros. En la alternativa, manifestó haber cumplido con el requisito de notificación al Municipio, puesto que presentó la *Demanda contra Terceros* dentro de los noventa (90) días desde que tuvo conocimiento que el peticionario era el responsable del daño. Alegó que dicho término vencía el 3 de marzo de 2025 y que, aunque la *Demanda contra Terceros* se presentó a los noventa y un (91) días del recurrido ser emplazado y emplazó al Municipio once (11) días después, nuestro ordenamiento permitía una aplicación flexible del término de cumplimiento estricto para notificar.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207

(2023); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, limita taxativamente las instancias en que procede expedir el auto de *certiorari* en asuntos interlocutorios civiles. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). Así, solo procede revisar resoluciones u órdenes bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o la denegación de mociones dispositivas. Como excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público u otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Si el asunto interlocutorio no se encuentra dentro de estas instancias, el Tribunal carece de autoridad para intervenir. Su propósito es evitar la dilación que implicaría la revisión inmediata de controversias que pueden atenderse en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als., supra*, pág. 486.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. \_\_, 215 DPR \_\_ (2025), R. 40, establece los criterios que orientan el ejercicio de nuestra facultad discrecional para atender una petición de *certiorari*. A saber, este Tribunal debe evaluar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari*, no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR, supra*, pág. 336. En tal caso, este Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*, pág. 405.

### B. Acciones contra los municipios

El requisito de presentar una notificación escrita al alcalde o al jefe ejecutivo municipal sobre cualquier reclamación de daños contra un municipio, dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los mismos, fue establecido por primera vez en la *Ley Municipal*, Ley Núm. 142 del 21 de julio de 1960, 21 LPRA sec. 4703. Posteriormente, se incorporó en la *Ley Orgánica de los Municipios de Puerto Rico*, Ley Núm. 146 de 18 de junio de 1980, según enmendada, 21 LPRA sec. 3403 (c), en la *Ley de Municipios Autónomos*, Ley Núm. 81-1991, según *enmendada. López v. Autoridad de Carreteras*, 133 DPR 243 (1993).

La exigencia de notificación se mantiene en el actual Código Municipal, *supra*. En lo que nos concierne, el Artículo 1.051 del Código Municipal, *supra*, sec. 7082, dispone lo siguiente:

Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la

compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.

(a) *Forma de entrega y término para hacer la notificación.* — Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del Alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines.

La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. […]

(b) *Requisito jurisdiccional.* — No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en este Artículo. No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación. […].

Este requisito de notificación en las acciones de daños y perjuicios persigue múltiples propósitos, siendo estos: permitir que los municipios investiguen los hechos que motivan la reclamación, desalentar reclamaciones infundadas y facilitar su pronto arreglo; posibilitar la inspección inmediata del lugar de los hechos y la identificación de testigos mientras su recuerdo es fiable. *Rivera Serrano v. Mun. de Guaynabo,* 191 DPR 679 (2014); *Acevedo v. Mun. de Aguadilla,* 153 DPR 788 (2001); *Passalacqua v. Mun. de San Juan,* 116 DPR 618 (1985); *Díaz Rivera v. Municipio,* 99 DPR 196 (1970); *López v. Autoridad de Carreteras, supra; Mangual v. Tribunal Superior,* 88 DPR 491 (1963). Además, sirve para advertir a las autoridades sobre la existencia de la reclamación para reservar recursos presupuestarios; y mitigar los daños mediante intervención oportuna, incluyendo tratamiento médico adecuado y facilidades de hospitalización para la persona perjudicada. *Íd.*

En el pasado, el Tribunal Supremo señaló que el requisito de notificación al municipio era de cumplimiento estricto, por lo que había instancias donde podría permitirse la acción legal incluso en

ausencia de la notificación cuando la misma carece virtualidad, propósito u objetivo y en las cuales jurídicamente no había razón para exigirla. A saber, cuando se demandaba y emplazaba al municipio dentro del término de noventa (90) días; se reclamaba justa compensación por el uso de una propiedad privada sin el debido proceso de ley; se interponía una reconvención contra un municipio demandante; se trataba de una acción por violación de un contrato, o la reclamación se dirigía contra la aseguradora del municipio. *Passalacqua v. Municipio de San Juan*, 116 DPR 618 (1985); *Díaz Rivera v. Municipio, supra*; *Ins. Co. v. Ruiz*, 96 DPR 175 (1968)*; Rosario v. Municipio*, 92 DPR 586 (1965); *García v. Northern Assurance Co.*, 92 DPR 245 (1965). Además, eximió del requisito cuando el municipio tenía pleno conocimiento de los hechos, por lo que no se podía alegar indefensión por falta de notificación. *Acevedo v. Mun. de Aguadilla, supra.*

Ante el hecho de que el carácter jurisdiccional del referido requisito fue sustancialmente limitado debido a la imprecisión del lenguaje de su texto y jurisprudencialmente se reconoció que era un término de cumplimiento estricto que permitía la excusa la observancia con la referida notificación, la Asamblea Legislativa promulgó la Ley Núm. 121-2018 para enmendar el Artículo 15.003 de la derogada *Ley de Municipios Autónomos, supra*, sec. 4703. El propósito de esta enmienda era precisar de manera clara e inequívoca el alcance y la forma en que se debía cumplir con el requisito de notificación previa al alcalde ante cualquier reclamación contra un municipio por daños personales o a la propiedad ocasionados por su culpa o negligencia. Se dispuso que el cumplimiento cabal con cada uno de los requisitos plasmados en el referido artículo era una condición previa indispensable sin la cual no se podrá responsabilizar al municipio, ni iniciarse acción de clase alguna en su contra por daños causados por su culpa o negligencia. *Íd.* Además, esta Ley

estableció que los términos para notificar eran de caducidad y su incumplimiento constituía un defecto fatal. *Íd.*

En *López v. Autoridad de Carreteras, supra,* el Tribunal Supremo resolvió que no se justificaba eximir la aplicación del requisito de notificación en una reclamación de daños por responsabilidad extracontractual basada en la culpa o negligencia de un municipio que no tenía forma de conocer los detalles esenciales del daño si no se le notificaba. En tal circunstancia, si el reclamante no notificaba dentro del término dispuesto, quedaba impedido de incoar acción judicial contra el municipio por los daños reclamados. *Íd.* Igualmente, resolvió que no se podía hacer caso omiso al claro mandato legislativo sobre el término para realizar la notificación por desconocimiento cabal de la ley o falta de diligencia en investigar la jurisdicción del lugar de los hechos. *Íd.*

En *Rodríguez Sosa v. Cervecería India, supra,* el Tribunal Supremo, al interpretar un requisito de notificación similar, dispuesto en la *Ley de Reclamaciones y Demanda contra el Estado, supra,* resolvió que la obligación del demandante contra tercero de notificar al Estado surgió al ser emplazado, momento a partir del cual conocía los daños reclamados en la demanda contra tercero.

**III.**

En el presente caso, el Municipio planteó que el tribunal de instancia incidió al denegar su solicitud de desestimación de la causa de acción en su contra por falta de notificación, de acuerdo con el Artículo 1.051 del Código Municipal, *supra,* sec. 7082.

Tras un análisis sosegado del expediente ante nuestra consideración, concluimos que le asiste la razón al peticionario.

Como cuestión de umbral, es menester puntualizar que la *Demanda contra Terceros* objeto de este caso no versaba sobre una causa de acción que eludía el requisito de notificación municipal, puesto que precisamente trataba sobre responsabilizar directamente

al Municipio por una acción en daños y perjuicios por su presunta culpa o negligencia. En tal sentido, era aplicable el Artículo 1.051 del Código Municipal, *supra*, sec. 7082. Como se discutió previamente. dicho artículo dispone que toda reclamación de daños personales o a la propiedad ocasionados por la culpa o negligencia de un municipio se debe notificar por escrito al alcalde dentro del término de noventa (90) días desde que se conoció el daño. Además, tal requisito constituye una condición previa indispensable para instar una acción contra un municipio.

De los hechos procesales se desprende que el matrimonio Cortés Rodríguez nunca incluyó al Municipio en la *Demanda* original presentada el 1 de octubre de 2024, ni notificó reclamación alguna en su contra. En consecuencia, la carga de cumplir con el requisito de notificación recaía en PMP al presentar su *Demanda contra Terceros* desde que adquirió conocimiento de los daños. Tal como resolvió el Tribunal Supremo en *Rodríguez Sosa v. Cervecería India*, *supra*, dicho término comenzó a decusar precisamente desde su emplazamiento, pues a partir de esa fecha conocía los hechos reclamados en la *Demanda contra Terceros*. Permitir que el término decursara desde cualquier otro momento sería contrario a la intención del Legislador de proteger a los municipios frente a reclamaciones tardías y sorpresivas.

En el presente caso, PMP fue emplazado el 13 de noviembre de 2024, razón por la cual el término de noventa (90) días para notificar al Municipio vencía el 11 de febrero de 2025. No obstante, el Municipio fue emplazado, es decir, conoció de la reclamación en su contra, el 25 de febrero de 2025, lo que representó un claro incumplimiento con el término de caducidad dispuesto en el Código Municipal, *supra*. De esta manera, PMP incumplió con su deber de notificar al Municipio dentro del término desde que conoció de los daños reclamados, lo que impidió la configuración de una causa de

acción contra el peticionario. Además, el Alto Foro Judicial ha establecido que no se puede omitir el mandato legislativo sobre el término para cumplir con el requisito de notificación municipal por desconocimiento de la ley o falta de diligencia para investigar la jurisdicción del lugar de los hechos, acción que el recurrido debió diligentemente realizar desde que fue emplazado.

Mantener viva la reclamación contra el Municipio equivaldría a revivir indirectamente una causa de acción inexistente, en contravención del claro mandato legislativo. La jurisprudencia reiteradamente estableció que el incumplimiento con este requisito priva al foro judicial de jurisdicción para atender reclamaciones contra municipios por daños ocasionados por su culpa o negligencia.

Así las cosas, la determinación del TPI de declarar escuetamente No Ha Lugar la solicitud de desestimación del Municipio fue improcedente en derecho. El Municipio nunca fue notificado conforme al término y la forma exigida por el Código Municipal, *supra*, lo que impide que sea traído al pleito. Por consiguiente, procede expedir el auto de *certiorari*, revocar el dictamen recurrido y desestimar la *Demanda contra Terceros* incoada en contra del Municipio.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se revoca la *Resolución Interlocutoria* recurrida, a los fines de desestimar la *Demanda contra Terceros* instada contra el Municipio.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones