Evaristo Rivera Alejandro et al., demandantes, *v.*
Efraín López Algarín et al., demandados recurrentes.

*Número:* R-84-306     *Resuelto:* 2 de noviembre de 1984

*Héctor M. Collazo,* abogado de la parte recurrente; *Raúl Barreras Morales, Procurador General Interino,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: La Universidad de Puerto Rico fue incluida como parte demandada en una acción de daños y perjuicios por alegada negligencia e impericia médica que se radicara en el año 1977(¹) ante el Tribunal Superior de Puerto Rico, Sala de San Juan, bajo la teoría de que algunos de los médicos envueltos "actuaban como sus empleados o agentes en el momento que trataron al demandante" en el Hospital Universitario del Centro Médico de Puerto Rico.(²)

La referida Universidad trajo al pleito, como tercero demandado, al Estado Libre Asociado de Puerto Rico me-

---

(¹) En relación con unos hechos alegadamente acaecidos a finales del año 1976.

(²) Véase párrafo catorce (14) de la demanda radicada.

diante demanda que radicara en el año 1981. (³) Se alegó en dicha demanda contra tercero, en síntesis, que la Universidad utilizaba y administraba el mencionado Hospital Universitario (⁴) mediante contrato suscrito con el Estado Libre Asociado de Puerto Rico (⁵) y que en dicho contrato se había pactado expresamente que la "cubierta médico-legal por los pacientes atendidos en el Hospital Universitario recaer[ía] sobre el Departamento". (⁶)

El Estado Libre Asociado solicitó la desestimación de la referida demanda contra tercero a base de las defensas de incuria e incumplimiento del requisito de notificación al señor Secretario de Justicia que requiere la Ley Núm. 121 de 24 de junio de 1966. (⁷)

El tribunal de instancia mediante sentencia parcial de fecha 4 de junio de 1984, acogiendo como correctas las dos defensas planteadas por el E.L.A., desestimó la referida demanda contra tercero. (⁸) Inconforme, la Universidad de Puerto Rico recurrió ante este Tribunal. Requerimos del tercero demandado que mostrara causa por la cual no se debía revocar la sentencia recurrida; ha comparecido por conducto de la oficina del Procurador General de Puerto Rico. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

■ El requisito de notificación al Secretario de Justicia de Puerto Rico que establece la citada Ley Núm. 121 de 1966 no es de aplicación al caso de autos. Como bien señala el propio Procurador General en su comparecencia para mos-

---

(³) A pesar de que la demanda contra tercero fue radicada el 4 de diciembre de 1981, se emplazó al E.L.A. el 28 de junio de 1983.

(⁴) En relación con la operación de la Escuela de Medicina.

(⁵) Por conducto del Departamento de Salud, el cual es una instrumentalidad del Estado Libre Asociado de Puerto Rico.

(⁶) Véanse párrafos dos, tres y cinco de la demanda contra tercero radicada.

(⁷) 32 L.P.R.A. sec. 3077a.

(⁸) Concluyó expresamente que no existía razón para posponer el dictar sentencia hasta el final del pleito.

trar causa, si bien es cierto que la *acción original* ejercitada por los demandantes es una de daños y perjuicios basada la misma en las disposiciones del Art. 1802 del Código Civil de Puerto Rico (⁹) y, por ende, una *ex delicto,* no es menos cierto que la acción incoada por la Universidad de Puerto Rico es una *ex contractu.* En otras palabras, una fundada en la *obligación contractual* suscrita por el E.L.A. en el contrato que celebrara con la Universidad respecto a la operación del Hospital Universitario, acción a la cual no le es aplicable el mencionado requisito de notificación. *Cf. Rosario Quiñones* v. *Municipio de Ponce,* 92 D.P.R. 586 (1965); *Díaz* v. *Municipio de Cayey,* 99 D.P.R. 196 (1970).

■    Tratándose de una acción *ex contractu,* el período prescriptivo respecto a la misma es de quince (15) años. *Camacho* v. *Iglesia Católica,* 72 D.P.R. 353 (1951); *Segarra* v. *Vivaldi,* 55 D.P.R. 160 (1939). Existiendo un término prescriptivo específico para el ejercicio de la acción por parte de la Universidad en contra del E.L.A., éste no puede levantar contra la Universidad la defensa de incuria (*laches*) la cual, como sabemos, es una defensa en equidad. Véanse: *Vidal* v. *Monagas,* 66 D.P.R. 622 (1946); *Saavedra* v. *Central Coloso, Inc.,* 85 D.P.R. 421 (1962); *Piovanetti Doumont* v. *Martínez,* 99 D.P.R. 663 (1971). Debemos enfatizar el hecho, por último, de que no surge del expediente que la parte demandante haya objetado o se haya opuesto a la radicación de la demanda contra tercero en controversia. (¹⁰)

Por los fundamentos expuestos, *se expide el auto, y se dictará sentencia revocatoria de la dictada por el tribunal de instancia en el presente caso. Se devuelve el mismo al foro de instancia para procedimientos ulteriores compatibles con lo aquí resuelto.*

---

(⁹) 31 L.P.R.A. sec. 5141.

(¹⁰) Dicha parte podría resultar "perjudicada" por la radicación de la demanda contra tercero desde el punto de vista de que puede retrasar la dilucidación de la causa de acción que radicara. Al no objetarlo, debemos presumir que entiende que o no le afecta o le conviene.