Brau Ramírez, Juez Ponente
*1113 TEXTO COMPLETO DE LA SENTENCIA
I
La parte apelante, BFI of Ponce Inc. (“BFF), solicita la revisión de una sentencia emitida el 31 de septiembre de 2001, por el Tribunal de Primera Instancia, Sala Superior de Ponce, en la demanda sobre incumplimiento de contrato e interferencia torticera con relaciones contractuales, instado por la apelante BFI contra la parte apelada, Municipio de Yauco (“Municipio”), su alcalde, Hon. Abel Nazario Quiñones, la empresa LM Waste Service Corp. (“LM Waste”), y el presidente de esta última, Orlando Rivera López.
La demanda está relacionada a un contrato para el recogido de basura que tenía la apelante BFI con el Municipio y que éste dejó sin efecto antes de la fecha pactada para su vencimiento. La apelante alegó que esta actuación se debió a la interferencia torticera de LM Waste, empresa que también se dedica al negocio de recogido de desperdicios sólidos, y de su presidente, el apelado Orlando Rivera.
Mediante la sentencia apelada, el Tribunal de Primera Instancia desestimó todas las reclamaciones contra los apelados, por el alegado incumplimiento de la apelante con el término impuesto por el Art. 15.002 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, 21 L.P.R.A. see. 4702, para instar una reclamación judicial donde se solicite la revisión o suspensión de un acto legislativo o administrativo municipal.
Revocamos.
II
Según surge del recurso, BFI es una corporación organizada bajo las leyes de Puerto Rico, dedicada al recogido y manejo de desperdicios sólidos, con oficinas en Ponce.
El 12 de marzo de 1998, BFI y el Municipio suscribieron un contrato titulado “Agreement for Municipal Solid Waste Collection and Disposal Services and Lease of Municipal Property”. El contrato proveía para que BFI se encargara del recogido y la disposición de los desperdicios sólidos en el Municipio por un término de cinco años, prorrogable a su expiración, por términos adicionales de cinco años.
En esa ocasión, BFI fue representado por el apelado Orlando Rivera, quien para esa época se desempeñaba como vicepresidente de BFI. El Sr. Rivera posteriormente abandonó su posición en BFI para convertirse en presidente de la apelada LM Waste.
En enero de 2001, el apelado Hon. Abel Nazario Quiñones se convirtió en alcalde del Municipio, luego de ser electo para dicho cargo durante las elecciones generales del año anterior. El 1 de mayo de 2001, el nuevo alcalde envió una carta a BFI, notificándole de la cancelación del contrato existente entre las partes.
En su carta, el Alcalde adujo como fundamento para la terminación del contrato, que los aspectos económicos de éste no resultaban costo efectivo para el Municipio y no se ajustaban a su situación presupuestaria. La misiva informaba a la apelante que la cancelación sería efectiva el 1 de agosto de 2001.
La carta no advertía a BFI sobre los remedios legales a su disposición para cuestionar la actuación del Municipio. Copia de la carta fue enviada al presidente de la Asamblea Municipal, a la Oficina del Comisionado de Asuntos Municipales y al Contralor de Puerto Rico.
*1114 BFI respondió la misiva el 19 de julio de 2001, mediante una carta suscrita por su representante legal en la que expresaba que el fundamento invocado por el Municipio para la terminación adelantada del contrato no era válido y advertía que al contrato le restaba una vigencia de sobre veinte meses , y que BFI reclamaría el cumplimimiento del mismo.
Ante la insistencia del Municipio en terminar la relación, BFI procedió a instar la presente acción por incumplimiento de contrato e interferencia torticera contra los apelados ante el Tribunal de Primera Instancia.
En su demanda, BFI solicitó al Tribunal que ordenase el cumplimiento específico del contrato o le concediese una compensación equivalente a su valor, de $2,357,665.40. BFI también alegó que los apelados LM Waste y Orlando Rivera habían inducido al Municipio a cancelar el referido contrato y que se disponían a sustituir a BFI en la actividad de recogido de basura para el municipio. Afirmó que Orlando Rivera se había aprovechado de los conocimientos e información adquiridos mientras era empleado de BFI, para competir con dicha compañía.
Junto con su demanda, la apelante solicitó del Tribunal un entredicho preliminar y permanente para evitar que el Municipio cancelara unilateralmente su contrato y, a su vez, contratase con LM Waste, en detrimento de los intereses contractuales de la apelante.
El Municipio y su Alcalde contestaron la demanda, negando las alegaciones.
Por su parte, la apelada LM Waste presentó una moción de desestimación, alegando que la BFI había incumplido con el plazo de caducidad de veinte días que dispone el Art. 15.002 de la Ley de Municipios Autónomos, 21 L.P.R.A. 4702, para la revisión de actos legislativos o administrativos de un funcionario u organismo municipal.
En su moción, dicha parte alegó que BFI había quedado notificada.de la terminación de su contrato el 7 de junio de 2001, pero que no había presentado su acción hasta el 31 de julio de 2001, lo que privaba al tribunal de jurisdicción para entender en el caso. Alegaron, además, que la reclamación por interferencia torticera resultaba improcedente porque la terminación del contrato ya no podía ser impugnada por BFI y porque este tipo de acción no se reconoce en situaciones donde esté presente un interés público.
El apelado Orlando Rivera presentó una solicitud de desestimación basada en los mismos fundamentos. Posteriormente, el Municipio se unió a la solicitud de los otros codemandados. BFI se opuso.
Luego de otros incidentes, el 31 de agosto de 2001, el Tribunal de Primera Instancia emitió la sentencia apelada, disponiendo la desestimación de la demanda.
En su sentencia, el Tribunal concluyó que la reclamación de BFI efectivamente.estaba sujeta al.plazo establecido por el referido Art. 15.002 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico, 21 L.P.R.A. see. 4702. Habiendo incumplido BFI con dicho término, el foro recurrido decidió que carecía de autoridad para entender en la demanda de BFI.
El Tribunal también desestimó la demanda contra LM Waste y el apelado Orlando Rivera, aunque sin aclarar los fundamentos para dicha actuación.
Insatisfecha, la apelante acudió ante este Tribunal.
III
En su recurso, la apelante plantea que erró el Tribunal de Primera Instancia al concluir que su demanda por incumplimiento de contrato contra el Municipio estaba sujeta al término que dispone el Art. 15.002 de la Ley de *1115 Municipios Autónomos para la revisión de actuaciones legislativas y administrativas del municipio y al aplicar dicho plazo a reclamaciones por interferencia torticera contra otras partes separadas del municipio.
Según se conoce, los municipios son entidades jurídicas de gobierno local, con capacidad legal independiente y separada de la del Estado Libre Asociado. 21 L.P.R.A. see. 4003. Como entidades jurídicas, gozan de aquellos poderes que le han sido conferidos por ley o que resulten implícitos y necesarios para realizar los expresamente conferidos. Véase, First Bank de Puerto Rico v. Municipio de Aguadillo, 153 D.P.R._ (2001), 2001 J.T.S. 9, a la pág. 784; Aut. de Puertos v. Mun. de San Juan, 123 D.P.R. 496, 503 n.1 (1989); 21 L.P.R.A. see. 4002.
La Ley de Municipios Autónomos, en este sentido, establece que los municipios gozan de autonomía en el orden jurídico, económico y administrativo. 21 L.P.R.A. see. 4004.
Esta autonomía comprende, entre otras cosas, la libertad para administrar sus bienes y disponer de sus ingresos, id., la que incluye la capacidad para contratar servicios profesionales, técnicos y consultivos, así como para el desarrollo, administración y operación de servicios públicos o facilidades municipales. 21 L.P.R.A. see. 4051. En particular, los municipios gozan de la facultad de “establecer, mantener y operar por sí, o mediante contratación con cualquiera persona privada, servicios y programas de recogido y recolección de desperdicios.” 21 L.P.R.A. see. 4055.
En el caso de autos, se trata precisamente de un contrato para la prestación del servicio de recolección de desperdicios por la parte apelante. BH reclama por el incumplimiento de dicha obligación.
El Tribunal de Primera Instancia, según hemos visto, entendió que el presente litigio está gobernado por el Art. 15.002 de la Ley de Municipios Autónomos, 21 L.P.R.A. see. 4702. Dicho precepto dispone, en lo pertinente:

“(1) El Tribunal de Primera Instancia de Puerto Rico entenderá y resolverá, con exclusividad, a instancias de la parte perjudicada, sobre los siguientes asuntos:

(a) Revisar cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico.

(b) Suspender la ejecución de cualquier ordenanza, resolución, acuerdo u orden de la Asamblea, del Alcalde, de la Junta de Subasta o de cualquier funcionario del municipio que lesione derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico o por las leyes estatales.

(c) ...

(d) Conocer, mediante juicio ordinario, las acciones de reclamaciones de daños y perjuicios por actos y omisiones de los funcionarios o empleados del municipios por malicia, negligencia e ignorancia excusable.

En los casos contemplados bajo los incisos (a) y (b) de esta sección, la acción judicial sólo podrá instarse dentro de los veinte (20) días siguientes a la fecha en que el acto legislativo o administrativo se haya realizado o que la ordenanza, resolución, acuerdo u orden, se haya promulgado o comunicado a la parte querellante, a menos que se disponga otra cosa por ley. ”

21 L.P.R.A. see. 4702.
Conforme al artículo citado, toda acción para la revisión de algún acto o decisión administrativa de un municipio o para la suspensión de cualquier ordenanza, acuerdo, resolución u orden de la Asamblea, de la Junta de Subastas, del Alcalde y de cualquier funcionario Municipal, debe ser presentado ante el Tribunal de Primera *1116 Instancia dentro del término de veinte días dispuesto en el precepto. Río Construction Carp. v. Municipio de Caguas, 155 D.P.R. _(2001), 2001 J.T.S. 148, a las págs: 286-287; Nogama Construction v. Mun. de Aibonito, 136 D.P.R. 146, 152 (1994).
El plazo en cuestión es un término de caducidad, por lo que no admite interrupción. Su incumplimiento, por lo tanto, puede ser invocado sua sponte por el tribunal para denegar un remedio a la parte solicitante. Harland Co. v. Mun. de San Juan, 139 D.P.R. 185, 190 (1995); Acevedo v. Asamblea Mun. San Juan, 125 D.P.R. 182, 187 (1990); Centeno Rivera v. Pacheco de Algarín, 94 D.P.R. 528, 530 (1967).
La parte apelante plantea que el Tribunal de Primera Instancia erró al aplicar el artículo en cuestión 4 la presente controversia, toda vez que la causa de acción que se ejercita en el caso de autos no surge de ley u ordenanza municipal alguna, sino del contrato entre las partes.
En efecto, el texto del artículo citado indica que el mismo se. aplica a “cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal.” Se trata de actuaciones de los municipios o sus funcionarios actuando bajo las atribuciones que la ley les concede. Río Construction Corp. v. Municipio de Caguas, 2001 J.T.S. 148, a la pág. 285.
En el caso de actuaciones similares llevadas a cabo por las agencias del gobierno central, el procedimiento para su revisión está gobernado por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico. Véase, 3 L.P.R.A. see. 2172; Asoc. Res. Linda Gardens v. Mun. de Guayanbo, 138 D.P.R. 925, 931-933 (1995). Los municipios, sin embargo, están excluidos, de dicho estatuto, 3 L,P,R,A..see, 2102 (a)(5), por lo que el legislador entendió conveniente establecer un mecanismo análogo para la revisión de actuaciones de esta naturaleza tomadas bajo la Ley de Municipios Autónomos. En el caso de autos, sin embargo, según señala la parte apelante, no se plantea la revisión de una actuación administrativa como tal, sino que lo que se reclama es el cumplimiento del municipio de sus obligaciones contractuales.
El principio en esta área, según se conoce, es que cuando los organismos de gobierno entran en relaciones contractuales, se consideran un contratante como cualquier otro, sujetos a cumplir con lo pactado, independientemente de que los cambios en las administraciones de gobierno conlleven cambios de visión en cuanto a la sabiduría o conveniencia del contrato otorgado por sus predecesores. Campos Ledesma v. Compañía de Fomento Industrial de Puerto Rico, 153 D.P.R._(2001), 2001 J.T.S. 4, a la pág. 721; De Jesús González v. Autoridad de Carreteras, 148 D.P.R._(1999), 99 J.T.S. 72, a la pág. 996; Mun. de Ponce v. Gobernador, 136 D.P.R. 776, 787 (1994); véase, Zequeira v. C.R.U.V., 83 D.P.R. 878, 880-881 (1961); Rodríguez v. Municipio, 75 D.P.R. 479, 494 (1953).
Salvo aspectos específicos de interés público donde así se ha dispuesto por legislación especial, las obligaciones contractuales contraídas por los municipios se rigen porla doctrina general de los contratos. E.L.A. v. Asoc. Empleados Obras Púb. Mun., 126 D.P.R. 320, 333 (1990); Plan Bienestar Salud v. Alcalde Cabo Rojo, 114 D.P.R. 697, 699(1983).
Sólo cabe hacer excepción a lo anterior con respecto a aquellas normas y procedimientos dirigidos a salvaguardar la pulcritud de las finanzas públicas como, por ejemplo, el requisito de que los contratos municipales sean otorgados siguiendo el procedimiento de subasta aplicable, 21 L.P.R.A. sees. 4501-4502; que sean compatibles con el límite de gastos que rige durante los años eleccionarios, 21 L.P.R.A. see. 4359; que cuenten una partida presupuestaria previamente aprobada, 21 L.P.R.A. see 4354; que los contratos consten por escrito, se anoten en un registro mantenido a esos fines por las autoridades municipales y que sean remitidos a la Oficina de Contralor dentro de los quince días siguientes a su otorgamiento, 2 L.P.R.A. see. 97. Fernández & Gutierrez, Inc. v. Municipio de San Juan, 147 D.P.R. _ (1999), 99 J.T.S. 31, a la pág. 724; Hatton v. Municipio de San Juan, 134 D.P.R. 1001, 1005 (1994); Ocasio v. Alcalde Mun. de Maunabo, 121 D.P.R, 37, 51-54 (1988); Morales v. Municipio de Toa Baja, 119 D.P.R. 682, 690-692 (1987).
*1117 Estas normas son, de aplicación rigurosa, ya que con ellas se busca proteger los intereses y el dinero del pueblo, evitando “el dispendio, la extravagancia, el favoritismo y la prevaricación en los contratos gubernamentales”. De Jesús González v. Autoridad de Carreteras, 99 J.T.S. 72, a la pág. 996; Hatton v. Municipio de San Juan, 134 D.P.R._, a la pág. 1,005.
En el presente caso, sin embargo, de su faz, no parece estar envuelta consideración alguna de esta naturaleza. De lo que se trata, según hemos indicado, es de una reclamación sobre el cumplimiento de su contrato por el municipio. Opinamos que este tipo de demandas está fuera del palio del procedimiento establecido por el Art. 15.002 de la Ley de Municipios Autónomos para la revisión de actuaciones administrativas o legislativas del municipio. Compárese, Rosario Quiñones v. Municipio de Ponce, 92 D.P.R. 586, 591 (1965); Rivera Alejandro v. López Algarín, 115 D.P.R. 775 (1984).
Cabe señalar que, por sus propios términos, el plazo de veinte días establecido por el citado Art. 15.002 de la Ley de Municipios Autónomos no es invocable a acciones por daños y perjuicios basadas en la culpa o negligencia de los funcionarios municipales. 21 L.P.R.A. see. 4702.
Es evidente que la acción por interferencia torticera instada por BFI contra el Municipio es esencialmente una acción por daños y perjucios extracontractuaíes. Dolphin Int’l of P.R. v. Ryder Truck Lines, 127 D.P.R. 869, 879 (1991); Gen Office Prods, v. A.M. Capen’s Sons, 115 D.P.R. 553, 558 (1984). Dicha causa de acción no está sujeta al plazo de veinte días establecido por el Art. 15.002 del Municipio. Tampoco está claro porqué habrían de aplicarse las disposiciones del Art. 15.002 de la Ley de Municipios Autónomos a partes privadas, como LM Waste y el Sr. Rivera, tal y como inexplicablemente lo hizo el Tribunal de Primera Instancia en el caso de autos.
Aun si, de algún modo, pudiera concluirse que la demanda ejercitada por BFI está sujeta al plazo de caducidad de veinte días establecido en el citado Art. 15.002, consideraríamos que, en el presente caso, dicho plazo no ha transcurrido.
Recientemente, en Río Construction Corp. v. Municipio de Caguas, 2001 J.T.S. 148, el Tribunal Supremo de Puerto Rico aclaró que:

“la notificación final de una determinación administrativa de un funcionario municipal autorizado que activa el plazo de caducidad establecido en el art. 15.002 de la Ley de Municipios Autónomos, ..., es aquélla que se notifica a todas las partes y/o a sus representantes legales por escrito y por correo certificado luego de haberse dilucidado el asunto en un procedimento administrativo donde las partes afectadas estén cobijadas por las garantías mínimas del debido proceso de ley. El documento advertirá, además, que de la decisión final del municipio se podrá recurrir dentro del término de veinte (20) días contados a partir de la fecha de depósito en el correo de la determinación administrativa. ”

(Subrayado en el original) 2001 J.T.S. 148, a las págs. 287-288.
En la situación de autos, la notificación enviada a BFI no cumplió con estos requisitos. Ante dicha omisión, habríamos de concluir que el plazo en cuestión no comenzó a decursar. Compárese, In Winner, Inc. v. Junta de Subastas, 151 D.P.R._(2000), 2000 J.T.S. 86, a la pág. 1,134; Nogama Construction v. Mun. de Aibonito, 136 D.P.R._, a la pág. 153.
En estas circunstancias, debemos revocar la sentencia apelada.
Por los fundamentos expresados, se revoca la sentencia apelada. Se devuelve el caso al Tribunal de Primera Instancia para procedimientos consistentes con esta sentencia.
*1118 Lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2002 DTA 70
1. En casos de trámites que han sido delegados a los municipios mediante leyes especiales, las propias leyes, de ordinario, les asignan el término para la revisión judicial. Véase, 23 L.P.R.A. sec. 64(b)(e); Asoc. Vec. Altamesa Este v. Mun. de San Juan, 140 D.P.R. 24, 32 (1996). Cuando se trata de la trasferencia de facultades de agencias administrativas a los municipios, el Tribunal Supremo de Puerto Rico ha resuelto que pueden aplicarse los procedimientos previamente establecidos para la revisión de las actuaciones de las agencias. 21 L.P.R.A. see. 4614; Ponce Vista Mar Developers, Inc. v. Gobierno Municipal Autónomo de Ponce, 148 D.P.R._(1999), 99 J.T.S. 56, a la pág. 861.