# 2006 DTA 74

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN**

ROSA M. CINTRÓN PÉREZ
Demandante-Apelante

v.

MANUEL VELILLA IGLESIAS, CANTERA EMILIA, ESTADO LIBRE ASOCIADO DE PUERTO RICO
(DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS)
INTEGRAND ASSURANCE COMPANY
Demandados-Apelados

Núm. KLAN-2005-00114

San Juan, Puerto Rico, a 26 de abril de 2006

Panel integrado por su Presidente, el Juez Martínez Torres,
el Juez Brau Ramírez y la Juez Fraticelli Torres

Fraticelli Torres, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La señora Rosa M. Cintrón Pérez nos solicita que revoquemos la sentencia parcial del Tribunal de Primera Instancia, Sala Superior de Bayamón, que desestimó la causa de acción que ella incoó contra el Estado Libre Asociado de Puerto Rico por actos imputados al Departamento de Transportación y Obras Públicas (DTOP) y otras personas. El fundamento de la desestimación es que la señora Cintrón Pérez no notificó la reclamación al Secretario de Justicia de Puerto Rico en el plazo establecido en el Artículo 2A de la Ley de Pleitos contra el Estado, Ley 104 de 29 de junio de 1995, 32 L.P.R.A. sec. 3077a.

La señora Cintrón Pérez nos plantea que el tribunal *a quo* incidió "*al resolver que el requisito de la notificación al E.L.A., por medio del Secretario de Justicia, es de aplicación a una acción de daños bajo el Artículo 404 del Código Político*", ya que este estatuto no exige tal notificación previa. Apel., pág. 4.

Luego de examinar los planteamientos de ambas partes al tenor del Derecho vigente, resolvemos confirmar la sentencia apelada por los fundamentos que explicamos a continuación.

**I**

El 1 de abril de 2003, mientras la señora Cintrón Pérez conducía su vehículo por la Carretera Estatal PR-827, en la jurisdicción del Municipio de Toa Alta, tuvo un accidente de tránsito. (Sentencia sumaria, Apéndice, a la pág. 33.) Alegadamente, los hechos ocurrieron en un día lluvioso, cuando el pavimento estaba cubierto de lodo y material proveniente de la Cantera Emilia y de los camiones que, al salir de la cantera, derramaban su carga en la carretera. (*Id.*) La señora Cintrón Pérez aduce que esos factores le hicieron perder el control de su vehículo, lo que provocó que impactara otro automóvil que transitaba en dirección contraria. (Sentencia

sumaria, Apéndice, págs. 33-34.)

La señora Cintrón Pérez presentó la demanda por daños y perjuicios contra la Cantera Emilia, el señor Manuel Velilla Iglesias (propietario de la Cantera Emilia), el E.L.A. de Puerto Rico, Integrand Assurance Company y la compañía aseguradora X, Y y Z (de nombre desconocido). (Demanda, Apéndice del recurso, págs. 1-3.) Alegó que sufrió daños a la propiedad y daños emocionales y lesiones físicas por las cuales estuvo hospitalizada, como resultado del accidente. (Demanda, Apéndice, a la pág. 3.)

El Secretario de Justicia advino en conocimiento de los alegados hechos 10 meses después de ocurridos, luego que la apelante emplazó al E.L.A. por medio de su oficina. Mediante comparecencia especial sin someterse a la jurisdicción del tribunal *a quo*, el E.L.A. solicitó la desestimación de la causa de acción en su contra por falta de notificación previa al Secretario de Justicia, según dispone el Artículo 2A de la Ley de Pleitos contra el Estado. (Apéndice, págs. 10-14.)

En oposición, la señora Cintrón Pérez argumentó, igual que reitera ante nos, que toda vez que su reclamación se fundamenta en el Artículo 404 del Código Político, el requisito de notificación que intima la Ley de Pleitos contra el Estado no aplica a su causa de acción. (Apéndice del recurso, págs. 16-17.)

Mediante Sentencia Parcial enmendada, el tribunal *a quo* desestimó la causa de acción contra el E.L.A. ■ (Apéndice, págs. 18-24.) Inconforme, la señora Cintrón Pérez acude ante nos.

## II

El presente recurso nos permite resolver si el requisito de notificación previa al Secretario de Justicia que exige la Ley de Pleitos contra el Estado se extiende a las causas de acción instadas por virtud del Artículo 404 del Código Político.

El Procurador General, en representación del DTOP, aduce ante nos que las reglas de hermenéutica, específicamente la doctrina *in pari materia*, impiden interpretar el Artículo 404 en el vacío. Señala que tanto la Ley de Pleitos contra el Estado como el Artículo 404 del Código Político son estatutos que reconocen la renuncia del Estado a su inmunidad soberana en los casos de responsabilidad extracontractual. Por tanto, argumenta que, *"[d]e interpretarse el Artículo 404 del Código Político como que no le impone límites a la capacidad de demandar al Estado confligiría claramente con el espíritu de la Ley 104 de limitar su responsabilidad de demandar, por lo cual habría quedado derogado por disposición expresa de la Ley 104".* Nos advierte, además, que el Tribunal Supremo consistentemente ha validado el requisito de la notificación asentado en el propósito que lo inspiró; es decir, otorgar al Estado la oportunidad de preparar una defensa efectiva.

En lo pertinente, el Artículo 2A de la Ley de Pleitos contra el Estado dispone lo siguiente:

*"(a)* **Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita** *haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia.*

*(b)* **Dicha notificación se entregará al Secretario de Justicia** *remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.*

*(c) La referida notificación escrita se presentará al Secretario de Justicia* **dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama.** *[Omitida la*

*excepción para el que "estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito"].*

*(d) [Omitida la excepción para que el menor de edad o sujeto a la tutela].*

*(e) **No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico** por daños causados por la culpa o negligencia de aquél, **si no se hubiese efectuado la notificación** escrita en la forma y manera y dentro de los plazos prescritos en esta sección, **a menos que no haya mediado justa causa para ello**. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.*

*(f) Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por el inciso (2) de la sec. 5298 del Título 31."*

[Énfasis nuestro.] 32 L.P.R.A. sec. 3077(a).

Esta disposición de ley tiene un propósito esencialmente procesal. El objetivo principal de la notificación es avisar al EL.A. de la reclamación en su contra, de manera que pueda activar sus recursos de investigación para evitar que los testigos y la prueba objetiva puedan desaparecer. Así se evita que el E.L.A. quede indefenso ante la reclamación. La notificación también procura dar al E.L.A. la oportunidad de promover una transacción temprana en aquellas reclamaciones que sean meritorias. *Romero Arroyo v. E.L.A.,* 127 D.P.R. 724, 734 (1991), que cita con aprobación a *Rivera de Vincenty v. E.L.A.,* 108 D.P.R. 64, 69 (1978).

El requisito de notificación previa al E.L.A. se adoptó de las leyes que requerían a los ciudadanos el notificar a los municipios antes de instar una reclamación en su contra. *Mangual v. Tribunal Superior,* 88 D.P. R. 491, 494 (1963). En ese contexto, el propósito de la notificación se considera importante para: *"(1) proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; (2) desalentar reclamaciones infundadas; (3) propiciar un pronto arreglo de las mismas; (4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; (5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; (6) advertir a las autoridades municipales de la existencia de la reclamación para que provea la reserva necesaria en el presupuesto anual; y (7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado". Id.*

El Tribunal Supremo ha señalado que la notificación al Secretario de Justicia dentro del período de 90 días es un requisito de cumplimiento estricto; no es uno de carácter jurisdiccional. *Loperena Irizarry v. E.L.A.,* 106 D.P.R. 357, 359-360 (1977). Es decir, cuando exista justa causa, se puede prescindir de la aplicación de la norma. Al tenor de esta regla de excepción, se libera al tribunal de un automatismo dictado por el calendario y salva su facultad fundamental para conocer el caso y proveer justicia, según lo ameriten las circunstancias. *Id.* Véase, inciso (e) del Artículo 2A. El Tribunal Supremo, sin embargo, aclaró que la intención de esta excepción *"no ha sido la de dejar sin efecto un requisito que el legislador puertorriqueño claramente ha insistido en que debe cumplirse, sino aplicarlo a los casos en los que propiamente debe aplicarse, sin rigorismos desmedidos". López v. Autoridad de Carreteras,* 133 D.P.R. 243, 252 (1993).

Incluso, el Tribunal Supremo ha reconocido otras excepciones al requisito de notificación previa. En *García v. Northern Assurance Co.,* 92 D.P.R. 245, 256 (1965), dispuso que la notificación previa no aplica a una compañía aseguradora de un municipio (o del Estado). En *Insurance Co. of P.R. v. Ruiz,* 96 D.P.R. 175, 178 (1968), señaló que tampoco aplica a casos donde un demandado reconviene al Estado o a un municipio. En *Rivera Alejandro v. López Algarín,* 115 D.P.R. 775, 777 (1984), dispuso que tampoco aplica a acciones *ex*

*contractu* contra un municipio o contra el Estado. Ni aplica cuando el reclamante presenta su demanda y diligencia el emplazamiento correspondiente dentro del término de noventa (90) días desde que tuvo conocimiento de los daños reclamados. *Passalacqua v. Mun. de San Juan,* 116 D.P.R. 618, 628 (1985). Esa excepción se sostuvo porque el emplazamiento dentro del término de 90 días cumple el propósito de la notificación, que no es otra cosa que fomentar la investigación de la reclamación en una etapa temprana que, a su vez, permita argüir una defensa válida a favor del E.L.A.

El Artículo 404 del Código Político, por su parte, provee:

*"**El Estado Libre Asociado de Puerto Rico será responsable civilmente de los daños y perjuicios por desperfectos, falta de reparación o de protección suficiente para el viajero en cualquier vía de comunicación perteneciente al Estado Libre Asociado y a cargo del Departamento de Transportación y Obras Públicas,** excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos.*

*La cuantía de las indemnizaciones concedidas por los tribunales en virtud de esta sección, estará limitada a lo dispuesto en la sec. 3077 del Título 32."*

[Énfasis Nuestro.] 3 L.P.R.A. sec. 422.

Es evidente que el Artículo 404 es de carácter sustantivo porque permite iniciar acciones contra el E.L.A. por daños provocados por: (1) desperfectos; (2) falta de reparación; o (3) falta de protección suficientes para el viajero en las vías públicas. *Publio Díaz v. E.L.A.,* 106 D.P.R. 854, 862 (1978). ■ Esta es la gran diferencia entre ambas disposiciones.

Es decir, la notificación previa que dispone el Artículo 2A de la Ley de Pleitos contra el Estado instituye, como adelantamos, un requisito de carácter procesal que establece y regula el procedimiento a seguir cuando se va a presentar una reclamación contra el Estado. Nótese, que ese requisito tiene que darse antes de que inicie el procedimiento judicial. Lo anterior, sin embargo, no significa que la notificación previa otorga jurisdicción *in personam* sobre el Estado. El Tribunal Supremo ratificó que la notificación es un *"requisito de cumplimiento estricto y no impone precedente jurisdiccional". Loperena Irizarry v. E.L.A.,* 106 D.P.R. 357, 359-360 (1977). Compárese con *Rolón Rivera v. E.L.A.,* 105 D.P.R. 7, 8 (1976), y *Torres Figueroa v. E.L.A.,* 104 D.P.R. 673, 674 (1976).

Por otra parte, tanto el Código Político como la Ley de Pleitos contra el Estado establecen causas de acción por daños o para la reparación de agravios contra el Estado. La primera, de manera particularizada, reconoce las acciones que pueden surgir de los desperfectos y la falta de reparaciones o protección a los usuarios en las vías públicas. La segunda, de manera generalizada, permite a los ciudadanos demandar al E.L.A. por todos los actos y las omisiones en los que medie culpa o negligencia imputable al Estado o a sus agentes y dependencias. Aunque bajo ambos estatutos el Estado ha renunciado a su inmunidad soberana, lo cierto es que existen limitaciones a esa renuncia, que pueden ser sustantivas o procesales.

Ahora bien, no olvidemos que los estatutos procesales no tienen vida propia y aunque un estatuto sustantivo no puede sucumbir ante una disposición procesal, el propósito de esta última es viabilizar la consecución del derecho sustantivo de las partes, por lo que se impone su cumplimiento. *Pérez Aguirre v. E.L.A.,* 148 D.P.R. 161, 171 (1999) (Op. concurrente, J. Rebollo López), que cita con aprobación a *Dávila v. Hosp. San Miguel, Inc.,* 117 D.P.R. 807, 816 (1986), que a su vez interpretó las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Ello nos lleva a concluir, como nos sugiere el Procurador, que no podemos interpretar el Artículo 404 en un

vacío jurídico, particularmente, porque las acciones instadas bajo el Artículo 404 se fundamentan en hechos que trastocan el interés público del E.L.A. en prever y corregir oportunamente los peligros que atentan contra la seguridad de sus ciudadanos en las vías de comunicación del país. El E.L.A. debe poder investigar si los daños que se alegan ocurrieron por su culpa o negligencia, o se debieron a la violencia de los elementos y, de ser así, si tuvo oportunidad de corregirlos. Ciertamente, *"el Estado no responde por todo riesgo imaginable o desperfectos, sino de los razonablemente predecibles y anticipables, y claro está, cuando se demuestre causalidad. A fin de cuentas, sería imposible requerirle que en todo momento las avenidas, carreteras, caminos y aceras del país estén en condiciones ideales"*. Cárdenas Maxán v. Rodríguez, 125 D.P.R. 702, 709 (1990); véase, *Publio Díaz v. E.L.A.*, 106 D.P.R. 854, 862 (1978). El E.L.A. tiene derecho a preparar una defensa válida. El artículo viabiliza que lo haga oportunamente cuando la acción se inicia al amparo del Código Político.

El Tribunal Supremo ha tenido pocas oportunidades de examinar la interrelación entre ambas disposiciones legales. En *Alemán Martínez v. E.L.A.*, 145 D.P.R. 452 (1998), se solicitó al Alto Foro que revocara una decisión del Tribunal de Primera Instancia en la que el foro primario aplicó los límites de cuantía también dispuestos por la referida Ley de Pleitos contra el Estado a una acción instada bajo el Artículo 404. El Tribunal Supremo no expidió el recurso de *certiorari*, pero la Juez Asociada Naveira de Rodón emitió un voto particular disidente en el que concluyó que esos límites no debían aplicarse a las acciones incoadas al amparo del Código Político. Este caso tuvo una importante repercusión en el tema que nos ocupa.

Luego de conocerse la sentencia aludida, la Asamblea Legislativa enmendó el Artículo 404 del Código Político, mediante la Ley 306 de 17 de diciembre de 2003, para añadir que *"[l]a cuantía de las indemnizaciones concedidas por los tribunales en virtud de esta sección, estará limitada a lo dispuesto en la sec. 3077 del Título 32"*, que no es otra cosa que las cuantías fijadas como límites de la indemnización en la Ley de Pleitos contra el Estado. 3 L.P.R.A. sec. 422.

En la exposición de motivos de la referida enmienda, el legislador expresó lo siguiente:

*"La Asamblea Legislativa del Estado Libre Asociado de Puerto Rico tiene pleno conocimiento del estado de derecho vigente en nuestra jurisdicción en materia de la inmunidad del soberano, doctrina cuyas excepciones están contenidas en la propia Ley 104, supra, y que fue introducida a nuestro derecho positivo en el caso de Porto Rico v. Rosaly, 227 US 270 (1913). A esos efectos, esta Legislatura entiende que el Artículo 404 del Código Político no puede estar en contradicción con lo establecido en la Ley 104, supra. La Asamblea Legislativa considera que posiciones tan disimiles como mantener la Ley 104 y sus cuantías máximas de responsabilidad del Estado Libre Asociado y otorgar indemnizaciones bajo el palio del Artículo 404 del Código Político mayores a las establecidas por la referida Ley 104 son irreconciliables y no constituyen un derecho ordenado y moderno."*

[Énfasis Nuestro.]

Adviértase, además, que en virtud de las reglas de hermenéutica, particularmente la norma *in pari materia*, *"las leyes que se refieran a la misma materia o cuyo objeto sea el mismo, deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro"*. Artículo 18 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 18.

De todo lo antes dicho se colige que, toda vez que el Artículo 404 del Código Político y el Artículo 2A de la Ley de Pleitos contra el Estado reconocen acciones contra el Estado y, por ende, la renuncia limitada del Estado a su inmunidad soberana, éstos deben interpretarse de manera integrada para preservar un trato uniforme. Por lo cual, concluimos que, igual que ocurre con los límites a las cuantías de la indemnización, el requisito de notificación previa contemplado en la Ley de Pleitos contra el Estado se extiende a las acciones instadas al amparo del Artículo 404 del Código Político.

## III

En el caso de autos, no hay controversia sobre la falta de la notificación oportuna al Secretario de Justicia. La señora Cintrón Pérez reconoció expresamente que no cumplió con ese requisito. Nótese, además, que el caso de autos tampoco manifiesta ninguna de las circunstancias en que pudo eximirse a la apelante del requisito de notificación al E.L.A. en el plazo estatuido. Por tanto, la señora Cintrón Pérez incumplió con el requisito legal sin justa causa para ello. La falta de notificación al Secretario de Justicia impide que la señora Cintrón Pérez pueda reclamarle al E.L.A. por los alegados daños y perjuicios que sufrió por el accidente ocurrido en una vía pública del país, al amparo del Artículo 404 del Código Político de Puerto Rico.

Un dato adicional abona nuestra determinación. La demandante alega en la demanda que *"perdió el control de su vehículo debido a que el pavimento de la carretera en ese sector se encontraba cubierto de lodo y fango proveniente de la Cantera Emilia y de los camiones que al salir de dicha Cantera derramaban su carga junto a la lluvia que afectaba el sector"*. [Énfasis Nuestro.] (Apéndice del recurso, págs. 1-3.)

Por tratarse de una situación que integra actos u omisiones de terceras personas con inclemencias de la naturaleza, nos parece que el E.L.A. debió tener la oportunidad de realizar la investigación del incidente en una etapa temprana o cercana a su ocurrencia. De esa manera, hubiera tenido oportunidad de tomar las medidas necesarias para recopilar y proteger la prueba pertinente e indispensable sobre el modo en que sucedieron los eventos y la falta o el alcance de su responsabilidad. No olvidemos que las defensas que no se levantan oportunamente se renuncian y el Estado también está sujeto a esa norma. 32 L.P.R.A. Ap. III, Regla 10.8 (b) de las de Procedimiento Civil.

Concluimos que el tribunal *a quo* no cometió el error imputado.

## IV

Por los fundamentos expresados, confirmamos la sentencia parcial apelada y ordenamos la continuación de los procedimientos en el caso de autos con exclusión del Estado Libre Asociado de Puerto Rico.

Lo acordó y lo manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2006 DTA 74

**1.** En la sentencia parcial original, el tribunal omitió expresar que no existía razón para posponer dictar sentencia sobre esa reclamación hasta la resolución total del pleito, de conformidad con la Regla 43.5 de Procedimiento Civil. La señora Cintrón Pérez presentó una moción de reconsideración y solicitó el cumplimiento de la mencionada Regla 43.5, para que comenzaran a transcurrir los términos para apelar la sentencia. Ante la dilación del tribunal *a quo* en atender su reclamo, la señora Cintrón Pérez solicitó nuevamente la reconsideración de la sentencia parcial y que se cumpliera con la referida Regla 43.5. Luego de otros incidentes procesales, el foro primario dictó la Sentencia Parcial Enmendada al tenor de la Regla 43.5 en la que reiteró la desestimación de la demanda contra el E.L.A. (Apéndice, págs. 32-38.)

**2.** El Artículo 404 del Código Político, sin embargo, no establece una norma de responsabilidad absoluta porque el propio estatuto dispone que cuando los desperfectos son producto de la violencia de los elementos y no hubo tiempo suficiente para remediarlos, no existe tal responsabilidad. *Publio Díaz v. E.L.A.,* 106 D.P.R., a la pág. 863.